After bearing argument, the Court of Appeals delivered the following decree :
In this case, there are two objections made to the decree of the circuit judge, involving points which this court think necessary to be examined more fully than was done in the decision below. These are,
Fsj*st, — -.Because it was decreed, that the limitation in Andrew Tee’s will was not too remote.
Second, — That it was decided, that'Stephen Henderson was only liable for the devastavit of his wife, dum ¿Sido* to the value of Tie property bo received by her,1
*461 The clauses of üic will upon which the first objection avises, are in the following words: “ I give and bequeath to my son -- Lee, certain lands and negroes .(therein enumerated,) to him and his heirs.” And in a ..subsequent clause the testator says, si That if either of my aforesaid children should die with, (meaning with.out as is conceded,) an heir, then his share shall go to the rest of my children.” - *
This is an executory devise, in which every respect •iS to be paid to the intention of the testator.
There is no proof that the testator was in extremis-j •Silt there is abundant evidence on the face of the danse-, that he was illiterate and without counsel. The words A to him ar.d his heirs,” in the first clause, give a fee j the second restricts the bequest, and limits the property over. He could not have meant by the word heir, an heir on the indefinite failure of issue $ but he evidently meant a child, for he uses it in the same sentence as syu-’onimóus with children. But if he had used the word child instead of heir, (as was evidently his intention,) the limitation was not too remote : Besides, the children were all in esse at the time of the bequest, and the words <lf should he die without an heir,” must be confined within the limits of their lives $ for in the case of the contingency happening, the property waste go over to the rest of tiie children, which is nothing like a perpetuity.
On the second ground, it is necessary to state a fact, which is not mentioned in the decree below: The devastavit was committed by the executrix, while the children were minors, and there was no one to bring a suit, so as to obtain a judgment against tbc husband, during the coverture, and to bring the case within the strict rule of law. The wife acted as executrix and trustee, and consequently the devastavit was covinous. — . There was, therefore, no laches imputable to the. children, .and the case itself is not one of that complexion which should be barred upon common principles.
For these reasons, I think the decree of tee circuit judge correct, in deciding that the limitation over in the will was not.too remote j and that the defendant Hendcpi *462 son is liable fox1 the devastavit of the wife, dum sola, so far as he received property by her.*
Tiie other parts of the deci’ee are therefore affirmed; for the reasons therein given ; and the two last above stated, for the reasons herein adduced.
W. D. James.

lt was not understood that the Court of Appeals intended by this decree to break m upon the settled doctrine of the court, that the husband is not liable for debts or devastavits of his wife, committed dum sola, unless judgment be obtained during'the coverture, though he may have received a large fortune with her in marriage. That doctrine has been too firmly established to be shaken where that is the sole question, unmingled with other equitable matter — And it rests on this ground, that as the husband is liable for the debts and devastavits of the wife, incurred or committed dum sola, if judgments be obtained during the coverture, though he has not received a shilling in marriage with her ; so on the other hand, he shall not be liable if judgments be not obtained during the coverture, though he may have received a large fortune with her. The maxim, vigilantibus non dormientibus leges subveniunt, peculiarly applies. But in the case under the consideration of the court, there were peculiar circumstances which influenced the Judgment given. The wife was executrix, and acted as trustee; and the persons injured by her acts were minors, and there was no person to bring- a suit on their behalf, during the continuance of the coverture, and thus to fix the liability of the husband. Now as the rule which exempted the husband from liability for the debts and acts of his wife, unless judgment should be obtained during the coverture, was not a rule of positive law, but a rule of equitable decision, founded on the reasons above-mentioned, the Court felt itself at liberty to mould the rule to the purposes of justice, where the circumstances required it. But in doing so the court would not go further than to extend the liability of the husband in this case, to the amount of the estate rccsivdd by him in marriage.